**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**
May 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES O. BURFORD,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0480** (BOR Appeal No. 2050030)
                    (Claim No. 920061544)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KANAWHA COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner James O. Burford, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 23, 2015, in which the Board affirmed a November 7, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 11, 2014, decision denying Tramadol, Neurontin, and Zanaflex. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Burford worked in the maintenance department for the Kanawha County Board of Education. On June 24, 1992, he suffered a laceration when a knife punctured his right forearm. Mr. Burford was treated at Thomas Memorial Hospital where the wound was repaired, and he returned to work two days later. The claims administrator held the claim compensable. In the beginning of 2000, Mr. Burford came under the care of Timothy Deer, M.D., who treated him for right arm pain for over a decade. Dr. Deer prescribed several medications to treat Mr. Burford's complaints of pain including Zanaflex, Klonopin, Ultracet, and Neurontin. Eventually, on November 18, 2009, Prasadarao B. Mukkamala, M.D., performed an independent medical evaluation of Mr. Burford. He recommended denying the addition of several compensable conditions to the claim related to Mr. Burford's right shoulder. Dr. Mukkamala also found that the medications Ultracet, Neurontin, Zanaflex, and Clonazepam were not needed to treat the compensable injury. Dr. Mukkamala specifically stated that Ultracet was a narcotic medication that should not be prescribed, especially because Mr. Burford's forearm pain was non-specific. Dr. Mukkamala also noted that Zanaflex was a muscle relaxer and should not be authorized because there was no evidence of muscle spasms in Mr. Burford's medical records.

On August 27, 2010, the claims administrator denied a request for Zanaflex, Klonopin, Ultracet, and Neurontin. This decision was affirmed by the Office of Judges and ultimately affirmed by the Board of Review on October 26, 2011. On February 6, 2013, Dr. Deer requested the medications Gabapentin, Tizanidine, and Ultracet. On August 26, 2013, he requested authorization for the medication Zanaflex, Neurontin, and Tramadol. The claims administrator denied authorization for Zanaflex, Neurontin, and Tramadol on August 29, 2013, and Tramadol, Neurontin, and Zanaflex on March 11, 2014.

On June 13, 2014, Mr. Burford testified at a deposition that he was employed in general maintenance by the Kanawha County Board of Education when he injured his right arm on June 24, 1992. He was installing a glass and framing when the knife he was working with slipped and sliced into his arm. Since the injury, he has experienced pain in his arm and has difficulty using it. He asserted that he has suffered no other injuries to his right arm since the work incident. He testified that his physician has prescribed Tramadol, Neurontin, and Zanaflex for relief of his symptoms. Mr. Burford asserted that the Tramadol relieves the pain in his arm, the Neurontin helps his aches and sharp pains and allows him to rest, and Zanaflex relaxes his muscles.

The Office of Judges determined that the requested medications were not medically related and reasonably required to treat his compensable diagnoses on November 7, 2014. The Office of Judges found that in a previous appeal, the claims administrator, Office of Judges, and Board of Review all denied the medications Zanaflex, Klonopin, Ultracet, and Neurontin because Dr. Mukkamala found that they were not required. The Office of Judges noted that the current request was for Tramadol, Neurontin, and Zanaflex. As there was not persuasive evidence to show that these medications were required, the Office of Judges relied on Dr. Mukkamala's opinion and denied authorization. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on April 23, 2015.

After review, we agree with the consistent decisions of the claims administrator, Office of Judges, and Board of Review. In relation to the medications Neurontin and Zanaflex, this

2

Court has already spoken. In *Burford v. West Virginia Office of the Insurance Commissioner*, No. 14-1223 (W. Va. Supreme Court, September 16, 2015) (memorandum decision), this Court held that the Board of Review properly denied the medications Neurontin and Zanaflex. In addition, there is no persuasive evidence in the record to show that Tramadol is medically related and reasonably required, especially considering Dr. Mukkamala's persuasive report. Therefore, it was proper for the Office of Judges and Board of Review to deny authorization for all three medications.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II